UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAYMOND GRAHAM, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No.: |
| KARL KNAUZ MOTORS, INC., | ) ) ) |
| Defendant. | ) ) |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, Raymond Graham ("Plaintiff" or "Graham"), through the undersigned counsel, and files his Complaint and Demand for Jury Trial against Defendant, KARL KNAUZ MOTORS, INC. ("Defendant" or "Knauz") and in support, he states the following:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII"), and the Civil Rights Act of 1866, 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991 ("Section 1981"), to redress Defendant's unlawful employment practices against Plaintiff including Defendant's unlawful discrimination and harassment of Plaintiff because of his race, retaliation against Plaintiff for engaging in protected activity, leading to his unlawful termination.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's rights under Title VII and Section 1981.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## THE PARTIES

4. Plaintiff, Graham, is a citizen of the United States, and is and was at all times material, a resident of the state of Illinois, residing in Lake County.

5. Defendant, Knauz, is a domestic for-profit corporation with its principal place of business in Lake Bluff, Illinois.

6. Defendant does business in this judicial district, and Plaintiff worked for Defendant at its 409 Skokie Highway, Lake Bluff, Illinois 60044 location.

7. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

8. Plaintiff has complied with all statutory prerequisites to filing this action.

9. On August 8, 2020, Plaintiff dual-filed a claim with the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), based on race and retaliation.

10. Plaintiff's discrimination charge was filed within three hundred (300) days after the alleged unlawful employment practices occurred.

11. On March 4, 2021, the EEOC issued to Plaintiff a Notice of Right to Sue, issued upon request.

12. This complaint was filed within ninety (90) days of issuance of the EEOC's Notice of Right to Sue.

## FACTUAL ALLEGATIONS

13. Plaintiff began working for Defendant in October 2019.

14. Plaintiff worked for Defendant in a full-time capacity as a Porter.

15. Plaintiff is an African American male.

16. Plaintiff work at Defendant's 409 Skokie Highway, Lake Bluff, Illinois 60044 location. Plaintiff's work location was geographically located in a primarily Caucasian neighborhood.

17. In March 2020, the COVID-19 pandemic spread across the country and as a result, Defendant mandated all employees wear facemasks in the workplace.

18. Defendant did not provide employees any further information regarding the facemasks to be worn.

19. On June 5, 2020, Plaintiff arrived at work at his scheduled time and in compliance with Defendant's directive, Plaintiff wore a facemask.

20. Plaintiff's facemask bore the message "Black Lives Matter."

21. Approximately an hour later, Tom Jastper (Caucasian) Service Manager, requested a meeting with Plaintiff.

22. During the meeting, Mr. Jastper directed Plaintiff to remove his facemask stating, "it's political."

23. Mr. Jastper called Jim Astuno, (Caucasian) General Manager into the meeting wherein Mr. Astuno demanded that Plaintiff remove his facemask stating it was going to offend

Defendant's Caucasian customers. Mr. Astuno further stated to Plaintiff that the type of customer we service does not want to see that mask referring to Defendant's Caucasian customers.

24. Defendant did not direct any non-African American employees to remove their facemasks.

25. Defendant's proffered reason for targeting Plaintiff due to his facemask's alleged "political" nature is pretext to target Plaintiff due to his race. This is evidenced by the fact that a similarly situated Caucasian employee Paul (last name unknown), Technician, used a toolbox in the workplace with political statements affixed to it and Defendant did not discipline or raise concerns about the toolbox.

26. Following the meeting with Plaintiff, Defendant terminated Plaintiff's employment.

27. Mr. Jastper nor Mr. Astuno were able to direct Plaintiff to the company policy that his facemask violated – because it did not.

28. Plaintiff has been damaged by Defendant's unlawful conduct.

29. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

**Count I: Race Discrimination in Violation of Title VII**

30. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-29 above.

31. At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of Title VII.

32. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of his race, African American.

33. During the course of Plaintiff's employment with Defendant, Defendant, by and through its agents and employees, discriminated against Plaintiff in the terms, conditions, and privileges of employment in various ways, in substantial part because of his race in violation of Title VII.

34. Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities as a result of Defendant's unlawful employment practices.

35. As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination against Plaintiff, Plaintiff has suffered and will continue to suffer pain, humiliation, and emotional distress.

36. Plaintiff is entitled to general and compensatory damages.

37. Defendant's conduct was willful, wanton, malicious, and done in reckless disregard for the well-being of Plaintiff. Plaintiff is entitled to punitive or exemplary damages.

### Count II: Retaliation in Violation of Title VII

38. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-29 above.

39. Plaintiff engaged in protected activity under Title VII while employed by Defendant.

40. Defendant engaged in intentional retaliation against Plaintiff for Plaintiff's participation in protected activity.

41. Defendant's conduct violated Title VII.

42. Defendant's discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which Plaintiff is entitled to damages.

43. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling Plaintiff to compensatory damages.

44. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling Plaintiff to punitive damages.

### Count III: Race Based Discrimination in Violation of Section 1981

45. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-29 above.

46. Defendants discriminated against Plaintiff in violation of Section 1981.

47. Based on the conduct described above, Defendant intentionally deprived Plaintiff of the same rights as non-African American employees.

48. As a result of Defendant's discrimination in violation of Section 1981, Plaintiff has been denied employment opportunities providing substantial compensation and benefits, thereby entitling Plaintiff to equitable monetary relief.

49. Plaintiff has also suffered anguish, humiliation, distress, inconvenience, and loss of enjoyment of life because of Defendant's actions, thereby entitling him to compensatory damages.

50. Defendant acted with malice or reckless indifference to Plaintiff's federally protected rights, thereby entitling him to an award of punitive damages.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, liquidated damages, and prejudgment interest thereon;

      b)    Granting Plaintiff costs and an award of reasonable attorneys' fees (including expert fees); and

      c)    Award any other, and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

**/s/ Eric Rogers**
Eric Rogers
Illinois Attorney Registration No. 6334599
**Spielberger Law Group**
4890 W. Kennedy Blvd., Ste. 950
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499
eric.rogers@spielbergerlawgroup.com

*Counsel for Plaintiff*